IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN JOSE CALVILLO AVILA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.  4:26-CV-00460-O |
| | § | |
| MARKWAYNE MULLIN, ET AL., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1); Respondent's ("the Government") Response (ECF No. 6); Petitioner's Reply (ECF No. 8). For the following reasons, the Petition is **DENIED**.

**I.    BACKGROUND**

Petitioner, Juan Jose Calvillo-Avila, is a native of Mexico who entered the United States without inspection on or about 1999.[1] On the night of February 28, 2026, Petitioner and his wife were involved in a verbal argument at their residence in Dallas, Texas.[2] As a result, Petitioner's daughter contacted law enforcement.[3] The responding officer arrested Petitioner on an allegation of domestic violence.[4] The following day, Petitioner appeared in court, where he was charged with a misdemeanor offense.[5] Petitioner was then placed on an immigration hold, and on March 3, 2026, Petitioner was served with a Notice to Appear, charged as inadmissible, and transferred to the custody of United States immigration authorities.[6] On May 14, 2026, an Immigration Judge

---

[1] Pet. 9, ECF No. 1.
[2] *Id.* at 10.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

ordered his removal, and Petitioner reserved appeal to the Board of Immigration Appeals ("BIA").[7]

Petitioner is currently detained under 8 U.S.C. § 1225.[8]

## II.   LEGAL STANDARD

A person held "in custody in violation of the Constitution or laws or treaties of the United States" can seek relief under a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  Habeas exists only "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

## III.   ANALYSIS

Petitioner asserts that his Fifth Amendment Due Process rights are being violated by his continued detention and that the three-factor test laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) requires his release.[9] The Government contends that the *Mathews* factors are not the appropriate method for evaluating Petitioner's due process claim and that "there is no due process-type entitlement to release or bond for an alien in Petitioner's situation."[10] The Court is likewise skeptical of *Mathews* applicability here and does not find a due process violation. *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747 (5th Cir. July 21, 2026).

The Supreme Court has explained that "we have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez*

---

[7] Resp. 1, ECF No. 6.
[8] *Id.* at 2.
[9] Pet. 15–21, ECF No. 1.
[10] Resp. 5, ECF No. 12.

*Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (citing *Demore v. Kim*, 538 U.S. 510, 523, 526–29 (2003); *Dusenbery v. United States*, 534 U.S. 161, 168 (2002)).[11]

This does not mean Petitioner is without recourse. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore*, 538 U.S. at 523. "Procedural due process rules are meant to protect against the mistaken or unjustified deprivation of life, liberty, or property." *A. A. R. P. v. Trump*, 605 U.S. 91, 94 (2025) (citation modified). At the same time, the Supreme Court has long "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. "[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. "[T]he only procedural rights of an alien seeking to enter the country are those conferred by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 131 (2020).

Based on the record before the Court, Petitioner has received and is receiving adequate due process. He has appeared before an immigration judge who reviewed his claims and ordered him removed. Petitioner can still appeal this determination to the BIA if he feels his order of removal was made in error. This is the due process Congress created. *See* 8 U.S.C. § 1252. Congress also set the procedural rights of an "alien present in the United States who has not been admitted."

---

[11] The three *Mathews* factors are (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Even applying the *Mathews* factors Petitioner's habeas claim would not succeed. While Petitioner no doubt has a personal liberty interest, this interest is substantially diminished given that he is in the United States illegally. His personal liberty interest is also overshadowed by the Government's interest in "control over matters of immigration [which] is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Likewise, the risk of erroneous deprivation of rights is negligible. *See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)* (finding that the *Matthews* factors weighed against release from detention because of sufficient procedural safeguards and the government's strong interest in immigration enforcement).

8 U.S.C. § 1225(a)(1). As the Court explained above, Petitioner is an unadmitted alien subject to § 1225's mandatory detention without bond. *See* 8 U.S.C. § 1225(b)(2)(A); *see also Buenrostro-Mendez*, 166 F.4th at 503. As such, Petitioner has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140. Accordingly, Petitioner's mandatory detention without bond does not violate due process.

Petitioner additionally argues that he is entitled to release based on his status as a class member in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873SSS-BFM (C.D. Cal.).[12] But as other courts in this district have repeatedly emphasized, *Maldonado Bautista* is not binding on this Court. *See Perez Arellano v. Cerna*, 827 F. Supp. 3d 954, 967 (N.D. Tex. 2026) (Hendrix, J.) ("The Central District's orders lack authority two times over: because they were issued in violation of the INA and because the necessary implications of those orders would require district courts nationwide to rebuke the Supreme Court. Because the Central District acted beyond its authority, its orders are "simply void" and cannot bind this Court."); *see also Calderon Lopez v. Lyons*, 813 F. Supp. 3d 692, 705 (N.D. Tex. 2025) (Hendrix, J.) ("Because the orders do not affect the legal relations of the parties in that case, the orders are advisory. Because they are advisory, they do not bind this Court.").

As for Petitioner's bond related arguments,[13] Petitioner concedes that *Buenrostro-Mendez* forecloses any statutory entitlement theory under § 1226(a) and that he is detained pursuant to 8 U.S.C. § 1225 without a right to a bond hearing.[14] *See* 166 F.4th 494, 507-08 (5th Cir. 2026).

Because Petitioner is detained under 8 U.S.C. § 1225 during ongoing removal proceedings, his detention is lawful, and he is not entitled to a bond hearing. *United States v. Gomez-Lira*, 75 F.

---

[12] Pet. 22–24, ECF No. 1.
[13] *Id.* at 21–22.
[14] *Id.* at 4.

App'x. 979 (5th Cir. 2003); *Buenrostro-Mendez*, 166 F.4th at 507-08. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

    **SO ORDERED** on this **11th day** of **August, 2026**.

                Reed O'Connor
                **CHIEF UNITED STATES DISTRICT JUDGE**